UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION,

          Plaintiff,

    v.

TRIDUANUM FINANCIAL, INC.;
JOHNNY E. GRIVETTE, JR.;
CHRISTOPHER JARED WARREN; and
SCOTT EDWARD CAVELL,

          Defendants.

NO. CIV. 2:09-cv-0954 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants' Triduanum Financial, Inc. ("Triduanum") and Jared Warren ("Warren") motion to stay all proceedings in this case for three months in light of the criminal charges and potential criminal charges against the individual defendants. Defendant Johnny E. Grivette, Jr. ("Grivette") joins in the motion.[1] Plaintiff Taylor, Bean &

---

[1] Grivette also filed a separate motion for stay of the proceedings, noticed for August 7, 2009. As it raises the same issues, the court considers the briefing submitted in support of

1

Whitaker Mortgage Corporation ("TBW") opposes the motion. For the reasons set forth below,[2] defendants' motion for stay of proceedings is GRANTED.

On March 12, 2009, an indictment was filed in United States of America v. Christopher Jared Warren and Scott Edward Cavell, 2:09-CR-0121 FCD. On April 8, 2009, plaintiff TBW brought this action for fraud, fraudulent concealment, breach of contract, conversion, civil conspiracy, aiding and abetting fraud and fraudulent concealment, negligent supervision and retention, and unjust enrichment arising out of the sale and purchase of a number of residential mortgages originated by defendant Triduanum and sold to plaintiff TBW. (Compl., filed Apr. 8, 2009.) At all relevant times, defendant Grivette was the President of Triduanum, defendant Warren was the Executive Vice President of Triduanum, and defendant Cavell was the General Manager of Triduanum. (Id. ¶¶ 3-5.) Defendant Warren is currently housed in the Sacramento County Jail based out on the charges in the criminal indictment. (Id. ¶ 4.) Defendant Cavell is believed to have fled the country. (Id. ¶ 5.) Defendant Grivette has not yet been indicted on criminal charges.

The pending criminal case and this civil case arise out of allegations that defendants submitted loan packages to TBW, which it represented were funded, closed, and owned by Triduanum, but which were in reality, fictitious. TBW then wired funds to

---

that motion as well.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

defendants to purchase these allegedly fictitious loans. The indictment and the civil complaint allege that defendants Warren and Cavell defrauded TBW of over seven million dollars.

Defendants maintain that the Fifth Amendment rights of the individual defendants are directly implicated by this litigation because both the pending criminal investigation and this civil case relate to the same course of conduct. Defendant Triduanum also asserts that it will be prejudiced due to the pending and potential criminal proceedings pending against every one of its directors or officers. Defendants propose a three month stay of all proceedings in light of the pending criminal case.

This court possesses the inherent power to control its own docket and calendar. Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citations omitted).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Id. (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979), cert. denied, 444 U.S. 827 (1979)).

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). Parallel civil and criminal proceedings are unobjectionable under Ninth Circuit precedent unless such proceedings substantially prejudice the right of the parties involved. Id.

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. (quoting Federal Savings and Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). The court should consider the extent to which the potential criminal defendant's Fifth Amendment rights are implicated. See id. (citing Molinaro, 889 F.2d at 902). In addition, the Ninth Circuit has stated:

> [T]he decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating, 45 F.3d at 324-25 (citing Molinaro, 889 F.2d at 903). However, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). The parallel civil proceeding "might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." Id. at 1376.

/////

      The court finds that the relevant factors weigh in favor of granting a temporary stay in the pending civil action. Both the civil and criminal cases arise from the alleged scheme to defraud TBW of over seven million dollars through the sale of fictitious mortgages. As such, the pending civil litigation may substantially implicate defendants' Fifth Amendment rights against self-incrimination, create unnecessary complexities with respect to discovery, expose defendants' strategy or theories with respect to the criminal case, or otherwise prejudice the pending criminal proceedings.

      Plaintiff argues that defendants' Fifth Amendment rights are not necessarily implicated in the current civil litigation. First, plaintiff asserts that defendant Warren's Fifth Amendment rights have been waived because of statements he has allegedly made in the context of the criminal investigation. Assuming such statements are admissible, "a waiver of the Fifth Amendment privilege is limited to the particular proceeding in which the waiver occurs." United States v. Licavoli, 604 F.2d 613, 623 (9th Cir. 1979) (noting that voluntary testimony before a grand jury does not waive the privilege at trial). Defendant Warren has not made any sworn statements in this matter. Cf. Fed. Trade Comm'n v. J.K. Publ'ns, Inc., 99 F. Supp. 2d 1176, 1199 (C.D. Cal. 2000) (holding that any effect on the defendant's Fifth Amendment privilege was minimal where he had testified at a deposition and submitted sworn statements in connection with the civil case); IBM Corp. v. Brown, 857 F. Supp. 1384, 1390 (C.D. Cal. 1994) (noting that the Fifth Amendment privilege is "negligible" where a defendant has given partial deposition

testimony on substantive issues of the case).  Rather, in this case, "if discovery moves forward, the defendant will be faced with the difficult choice between asserting his right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case."  Jones v. Conte, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005) (quoting Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)).

Second, plaintiff asserts that no Fifth Amendment privilege is implicated by the case against defendant Triduanum.  The law is clear that a corporation has no privilege against compulsory self-incrimination.  United States v. Kordel, 397 U.S. 1, 7-8 & n.9 (9th Cir. 1970) (collecting cases).  Nevertheless, the Fifth Amendment rights of every director or officer who may speak on behalf of Triduanum are implicated, and thus, Triduanum is likely to be greatly prejudiced in it ability to meaningfully defend itself in the civil matter.  See Cadence Design Sys. v. Avant!, Inc., No. C 95-20828, 1997 U.S. Dist. LEXIS 24147 (N.D. Cal. July 22, 1997) (holding that a partial stay was appropriate in a civil proceeding against a corporate defendant where certain key witnesses would not be able to testify on behalf of the corporation until the conclusion of criminal proceedings).

Finally, plaintiff argues that defendant Grivette's Fifth Amendment right is not implicated because he has not been criminally charged.  However, the mere possibility of criminal prosecution is all that is necessary for the Fifth Amendment privilege against self-incrimination to be invoked.  See Matter of Seper, 705 F.2d 1499, 1501 (9th Cir. 1983).  While only two of

6

Triduanum's officers have been indicted, the civil complaint alleges that all three individual defendants were involved in the alleged fraudulent scheme.

Plaintiff also argues that a stay is unwarranted because it will be more difficult to recover losses if the case is stayed. Plaintiff fails to set forth any evidence beyond mere speculation and argument that a delay in the civil case will make it more likely that the allegedly misappropriated funds will never be found. Further, plaintiff seeks money damages that can be recouped through various means if it obtains a judgment in its favor after the stay is lifted. See Jones, 2005 WL 1287017, at *2 (granting a stay where the "harms may be remedied by monetary damages" and plaintiff could be compensated after the stay was lifted).

Moreover, this case is in the early stages of litigation. No answer has been filed, no scheduling order has been issued, and no dispositive motions have been filed. Cf. Brown, 857 F. Supp. at 1387-92 (denying a motion to stay filed three weeks prior to trial, after discovery was completed). "Staying the case makes efficient use of judicial resources by 'insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.'" Jones, 2005 WL 1287017, at *2 (quoting Javier H., 218 F.R.D. at 75). Furthermore, the public interest is served by a stay in this matter. Id. ("[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.").

1     Accordingly, defendants' motion to stay is GRANTED.[3]  All
2 proceedings in this action are hereby stayed for a period of six
3 months, and all dates presently set are vacated.  A status
4 conference is set for January 15, 2010 at 10:00 a.m., at which
5 time the parties will address whether a further stay of
6 proceedings is necessary.  The parties shall file a joint status
7 conference statement on or before January 5, 2010, apprising the
8 court of the need, if any, to continue or vacate the stay.
9     IT IS SO ORDERED.
10 DATED: July 15, 2009

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[3] The court also denies plaintiff's request that defendants post a bond in excess of seven million dollars. Plaintiff's reliance on <u>Cadence Design Systems, Inc. v. Avant!, Inc., et al.</u>, 1997 U.S. Dist. LEXIS 24147, is misplaced. In <u>Cadence</u>, the court had previously found that plaintiff would likely prevail on some of the substantive issue in the case and that there was threat of ongoing harm.  No such findings have been made in this case.

8