UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION,

        Plaintiff,

   v.

TRIDUANUM FINANCIAL, INC.;
JOHNNY E. GRIVETTE, JR.;
CHRISTOPHER JARED WARREN; and
SCOTT EDWARD CAVELL,

        Defendants.

NO. CIV. 2:09-cv-0954 FCD EFB

ORDER

----oo0oo----

This matter is before the court on plaintiff Taylor, Bean & Whitaker Mortgage Corporation's ("plaintiff" or "TBW") Notice of Filing Bankruptcy. On September 22, 2009, the court issued a minute order directing the parties to file briefing regarding the effect of plaintiff's bankruptcy petition on defendant Scott Cavell's ("defendant" or "Cavell") pending Motion to Set Aside

1

Default and Default Judgment.[1]  Plaintiff asserts that the case should be stayed based upon the filing of bankruptcy. Conversely, defendant asserts that a bankruptcy stay is inapplicable.

Pursuant to 11 U.S.C. § 362(a), a bankruptcy petition operates as a stay of any action or proceeding against the debtor and "any act to obtain possession of property of the estate." "[T]he policy behind § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute the assets."  In re White, 186 B.R. 700, 704 (9th Cir. BAP 1995). This purpose is not implicated by offensive action by the debtor; "[w]here the debtor has initiated a prepetition lawsuit against a creditor, the same policy considerations do not exist."  Id. (citing In re Merrick, 175 B.R. 333, 336 (9th Cir. BAP 1995).

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has clearly held that the § 362 automatic stay "does not prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action."  In re Way, 229 B.R. 11, 13 (9th Cir. BAP 1998); see In re Wheatfield Bus. Park, LLC, 308 B.R. 463, 466 (9th Cir. BAP 2004); White, 186 B.R. at 707; Merrick, 175 B.R. at 336; see also Stanwyck v. Beilinson, 104 Fed. Appx. 616, 618-19 (9th Cir. 2004) ("[T]he stay does not apply to post-petition defensive actions in a pre-petition lawsuit brought by a debtor.").  In Merrick, the debtors filed a

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

2

prepetition lawsuit in state court, and the defendants moved for summary judgment. 175 B.R. at 334. Following the bankruptcy filing, the state court ruled on the unopposed motions, entered judgment in favor of the defendants, and awarded costs against the debtors. Id. at 335. The BAP concluded that a § 362 stay does not prevent a defendant from continuing to defend against a pre-bankruptcy lawsuit. Id. at 336. The court reasoned that because § 362 "does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit instituted by the debtor," equitable principles of fairness dictate that a defendant should be allowed to defend himself "without imposing on him a gratuitous impediment in dealing with an adversary who suffers no correlative constraint." Id. at 337-38. As such, the Merrick court held that "the automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free reign to litigate."[2] Id. at 338; see In re Way, 229 B.R. at 15 (holding that the defendants did not violate the automatic stay by obtaining dismissal postpetition of a state court action initiated by the debtor prepetition); cf. Ingersoll-Rand Fin. Corp v. Miller Mining Co., Inc., 817 F.2d 1424, 1426-27 (9th Cir. 1987) (upholding stay of appeal by the debtor when the original proceeding was brought against the debtor). But see In re Tradewinds Airlines, Inc., Case No. 08-20394, 2009 Bankr. LEXIS 341 (Bankr. S.D. Fla Feb. 10, 2009) (holding that an automatic
/////

---

[2] The Merrick court noted that a bankruptcy trustee may seek a discretionary stay from the bankruptcy pursuant to § 105. There is no indication that plaintiff in this case has sought such redress.

3

stay prevented action by third parties to correct an error or vacate Default Judgment entered in state court).

In this case, the underlying litigation was brought by TBW, the debtor, against defendant Cavell. While plaintiff filed a bankruptcy petition, the automatic stay does not operate to preclude it from continuing to prosecute its action. However, plaintiff seeks to apply this same provision against defendant Cavell in order to prevent him from defending against a purportedly unlawful default judgment entered without proper service and jurisdiction. Under the reasoning set forth in Merrick and its progeny, the court concludes that the plain language of § 362 does not preclude defendant from bringing this motion to defend himself against prepetition litigation initiated by the debtor and that equitable principles of fairness require the allowance of such a defense.

The court notes that equitable principals are particularly relevant under the circumstances in this case. Default Judgment was entered in this case one day prior to the court's entry of a six month stay arising out of the pending criminal proceedings against defendants. Defendant Cavell filed an unopposed motion to lift the stay for the limited purpose of hearing his Motion to Set Aside Default and Default Judgment. Upon a grant of that motion, on July 30, 2009, Cavell filed a properly noticed Motion to Set Aside for hearing on October 2, 2009. Weeks later, on September 16, 2009, plaintiff filed a Notice of Filing Bankruptcy. As such, the Motion to Set Aside Default was filed prior to the bankruptcy petition in this case. Cf. Tradewinds, 2009 Bankr. LEXIS 341 (bankruptcy petition filed prior to entry

4

1  of default judgment in favor of debtor and prior to motions
2  regarding modification of that judgment).  To preclude litigation
3  of the motion would unfairly burden defendant in a litigation
4  initially brought by the debtor.
5       Accordingly, the court holds that plaintiff's Notice of
6  Filing Bankruptcy does not result in an automatic stay of this
7  litigation.
8       IT IS SO ORDERED.
9  DATED: October 21, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE