IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAYLOR, BEAN & WHITAKER
MORTGAGE CORPORATION,

     Plaintiff,                    No. CIV S 09-954 KJM EFB

    vs.

TRIDUANUM FINANCIAL, INC, et al.,
                                      ORDER
     Defendants
_____/

        This case was on calendar for William A. Munoz's motion for an order permitting Murphy, Pearson, Bradley & Feeney to withdraw as counsel of record for defendant Johnny Grivette and for Richard Linkert's motion for an order permitting Matheny, Sears, Linkert and Jaime, LLP to withdraw as counsel for Christopher Warrent. The court ordered the motions submitted without argument.

        The case arises out of plaintiff's purchase of a number of residential mortgages originated by defendant Triduanum Financial, Inc.; plaintiff alleges that defendant Grivette, as president of Triduanum, knew or should have known that co-defendants Warren and Cavell misappropriated substantial sums of money in connection with the transaction. ECF No. 1. Criminal proceedings were filed against Warren and Cavell. *See United States v. Warren*, CR. No. S-09-121 JAM.

1

1  Counsel for Grivette avers that Triduanum's insurer, Certain Underwriters at
2  Lloyd's, retained Murphy, Pearson, Bradley & Feeney to represent Grivette's interests as well as
3  providing a defense to Triduanum, Cavell and Warren.  Declaration of Gregory Bastian, ECF
4  No. 81-3 ¶ 2.  The case thereafter was stayed in light of the criminal prosecution.  ECF Nos. 40,
5  73.
6  At some point, Murphy, Pearson, Bradley & Feeney learned that Lloyd's had filed
7  a rescission action against Triduanum, Grivette, Warren and Cavell.  ECF No. 81-3 ¶ 5.
8  Eventually the firm learned that Grivette had agreed to forfeit and release his rights to a defense
9  and to bond providing him a defense in this case.  *Id.* ¶ 7 & Exs. 1 & 2; Declaration of William
10 Munoz, ECF No. 81-4 ¶¶ 3, 5 & Ex. 3.
11 Counsel for Warren avers that they seek to withdraw because their client wishes
12 to proceed pro se.  Declaration of Richard Linkert, ECF. No. 79-1 ¶¶ 2-3 & Ex. A. Indeed, this
13 court had earlier rejected Warren's request to proceed pro se because counsel had not withdrawn.
14 ECF No. 77.
15 Under Local Rule 182(d), an attorney may not withdraw without leave of court
16 after giving notice to his client and must act in conformance with California's Rules of
17 Professional Conduct.  In this case both counsel have satisfied the rule's requirements by serving
18 their clients, listing their last known addresses.  ECF Nos. 80, 82.
19 The circumstances described by Murphy, Pearson, Bradley & Feeney show that
20 its duty to carry out its employment has been rendered "unreasonably difficult."  CAL. RULES
21 PROF. CONDUCT 3-700(C)(1)(d).  Moreover, in light of Warren's desire to represent himself, the
22 motion filed by Matheny, Sears, Linkert & Jaime is well-taken.  CAL. RULES PROF. CONDUCT
23 3-700(C)(5).
24 IT IS THEREFORE ORDERED:
25 1.  Murphy, Pearson, Bradley & Feeney's motion to withdraw as counsel for
26 defendant Grivette (ECF No. 81) is granted;

   2. Matheny, Sears, Linkert & Jaime's motion to withdraw as counsel for defendant Warren (ECF No. 79) is granted;

   3. Defendant Warren shall represent himself going forward, and the Clerk of the Court is directed to modify the docket of this case to reflect Mr. Warren's address for service provided in his Notice of Change of Address filed on August 23, 2012 (ECF 87);

   3. Counsel are directed to serve a copy of this order on their respective former clients; and

   4. This case is stayed until December 1, 2012; each party is directed to file by November 23, 2012, a status report addressing whether the stay should be further continued at that time.

DATED: September 27, 2012.

_____
UNITED STATES DISTRICT JUDGE

3